**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

**CASE NO. 0:26-cv-61028-WILLIAMS/LETT**

**ADAM TANNER,**

**Plaintiff,**

**v.**

**WHITNEY DUTTON,**

**Defendant.**
______________________________________/

**WHITNEY DUTTON'S ANSWER AND AFFIRMATIVE DEFENSES**
**IN RESPONSE TO COMPLAINT FOR COPYRIGHT INFRINGEMENT**

Defendant, Whitney Dutton ("**Mr. Dutton**"), files his answer and affirmative defenses in response to the complaint filed by Plaintiff, Adam Tanner ("**Plaintiff**") [ECF No. 1] (the "**Complaint**").

## I. Answer

### The Parties

1. Without knowledge and denied.

2. Admitted.

### Jurisdiction and Venue

3. Admitted for jurisdictional purposes.

4. Admitted for jurisdictional purposes, otherwise denied as phrased.

5. Admitted for jurisdictional purposes, otherwise denied as phrased.

### Facts

6. Without knowledge and denied.

7. Without knowledge and denied.

8. Without knowledge and denied.

9. Without knowledge and denied.

10. Without knowledge and denied.

11. Without knowledge and denied.

12. Admitted.

13. Denied.

14. Denied.

15. Without knowledge and denied as phrased.

16. Denied.

17. Without knowledge and denied.

**Count I: Copyright Infringement**

18. Mr. Dutton realleges his responses to paragraphs 1 through 17.

19. Paragraph 19 calls for a legal conclusion.

20. Without knowledge and denied.

21. Without knowledge and denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

*Mr. Dutton denies every request for relief set forth in the Wherefore clause immediately following paragraph 26 of the Complaint.*

*To the extent Mr. Dutton inadvertently omitted or is deemed to have omitted a response to any Complaint allegation, Mr. Dutton denies same and demands strict proof thereof.*

## II. Defenses/Affirmative Defenses

Without admitting liability or assuming the burden of proof on any claim or defense otherwise resting on Plaintiff, Mr. Dutton states:

**First Affirmative Defense (Failure to State Claim)**. Plaintiff fails to state a claim upon which relief may be granted for at least the following reasons.

### Failure to Allege Infringement as to 67 of the 80 Photographs

First, the Complaint expressly on its face contradicts and negates, in pertinent part, Plaintiff's assertion of copying and distribution. Plaintiff asserts a copyright infringement claim as to a set of 80 photographs for which he lists the filenames of and copies into the Complaint, and for all of which he defines as the "Copyright Photographs" (the "**Photographs**") Compl. ¶¶ 7, 13, 23, 26. Plaintiff then—as evidence of the actual, purported infringement—contradicts these allegations by furnishing a screen capture of a purported Zillow listing with a hypertext link that includes only 13 photographs and a screen capture of a purported Facebook post with a hypertext link that includes only five photographs. Compl. ¶¶ 13, 14. These allegations negate Plaintiff's allegations of copyright infringement as to all 80 of the Photographs.

Plaintiff's pleading is either haphazard and inaccurate, or Plaintiff has intentionally misled as to the breadth and nature of the claims and accused acts. Whatever the motivation, Plaintiff has failed to state claims for copyright infringement as to any photographs outside of the screen captures in the Complaint. The claims are fatally defective and should be dismissed.

### Derivative Works Pleading Defects / Lacks Originality

Plaintiff fails to state a claim upon which relief may be granted as the works incorporated

into the Complaint each lack originality sufficient to warrant copyright protection or are otherwise derivative of pre-existing works. Copyright protection extends only to the creative expression in a photograph and not to underlying elements (such as works/registered trademarks of third parties).

First, many of Plaintiff's Photographs are derivative of or otherwise feature and potentially infringe upon third party works. By way of example, the first photograph on page 34 of the Complaint is derivative of, and upon information and belief infringes upon, another author's work (both elements re-appear in numerous, other photos):



Compl. at 34 (highlights furnished).



Compl. at 32 (highlight furnished).



Compl. at 27 (highlight furnished).

Second, Plaintiff fails to allege he holds trademark releases for third party registered trademarks featured in several of the Photographs. For the commercial exploitation Plaintiff concedes, questions arise as to whether Plaintiff infringes these trademarks and/or dilutes famous

marks. On the face of the Complaint, Plaintiff's standing and rights of commercial exploitation present as defective. By way of example:

| | |
|---|---|
|   Compl. at 37 | • JENGA is a registered trademark of (USPTO Reg. No. 1377444)<br><br>• ROKU is a registered trademark of Roku, Inc. (including USPTO Reg. No. 5151588) |
|  Compl. at 37 | • ONEBEAT is a registered trademark of CHANGSHA LANGSI ELECTRONIC COMMERCE CO., LTD (USPTO Reg. No. 7461242) |

Other trademarks abound in the Photographs.

**Second Affirmative Defense (Misuse, etc.)**. Plaintiff forfeited any alleged copyrights in the Photographs because he misused them. Plaintiff advised the property owner's agent that he would be sending Mr. Dutton an invoice covering use of the portion of the at-issue Photographs at play. Mr. Dutton agreed and was ready, willing, and able to negotiate/pay a fair fee. Plaintiff then, apparently, reneged after speaking with an attorney and went silent (all the while *not* informing

Mr. Dutton of this, who was waiting for the promised invoice and had no knowledge of any alleged misuse/claimed infringement as this had never been mentioned). Plaintiff now attempts to punish Mr. Dutton for a situation Plaintiff created—seeking to amplify the value of what the marketplace might yield in the form of a licensing fee into a windfall through copyright infringement litigation.

**Third Affirmative Defense (Unclean Hands)**. Plaintiff's claims are barred by his own unclean hands as stated above.

**Fourth Affirmative Defense (Laches)**. Plaintiff's claims are barred by the doctrine of laches as stated above. Had Plaintiff timely provided Mr. Dutton an invoice as he said he would (or otherwise advise Mr. Dutton he had changed his mind), Plaintiff would have avoided any appearance or misapprehension of alleged, willful infringement.

**Fifth Affirmative Defense (Lack of Originality)**. As supported by the First Affirmative Defense, the at-issue works lack originality and many replicate or derive from other, original works, and are therefore in and of themselves derivative works in which Plaintiff cannot claim copyright.

**Sixth Affirmative Defense (Invalid Registration)**. As supported by the First Affirmative Defense, Mr. Dutton reserves the right to challenge the validity of the copyright registrations for each of the Photographs (to the extent they even exist).

**Seventh Affirmative Defense (Untimely Registration / Limitation on Statutory Remedies)**. Plaintiff's claims for statutory damages and attorney's fees are barred, in whole or in part, because Plaintiff failed to obtain copyright registration prior to the alleged infringement, as required by 17 U.S.C. §§ 411 and 412. Plaintiff alleges that the Photographs were created and allegedly used years before any registration was obtained.

**Eighth Affirmative Defense (Absence of Copyright Notice)**. The copies of the

Photographs allegedly used by Mr. Dutton contained no copyright notice under 17 U.S.C. § 401, thereby precluding Plaintiff from asserting that Defendant had constructive notice of any claimed copyright protection.

**Ninth Affirmative Defense (Innocent Infringement)**. Any alleged infringement by Mr. Dutton was innocent and entirely without knowledge that the Photographs were protected by (or claimed to be protected by) copyright, thereby limiting any recovery of statutory damages pursuant to 17 U.S.C. § 504(c)(2).

**Tenth Affirmative Defense (Equitable Estoppel)**. As supported by the Second Affirmative Defense, even if Mr. Dutton infringed Plaintiff's copyright(s) Plaintiff should be estopped to assert such infringement.

**Eleventh Affirmative Defense (Implied License)**. Plaintiff granted an implied license to the agent of the owner of the subject property (who was the principal contact point to Mr. Dutton); this implied license was not limited in any way and there is no Complaint allegation otherwise.

**Twelfth Affirmative Defense (Statute of Frauds)**. Plaintiff claims he entered into a limited oral license with the agent of the owner of the subject property to the exclusion of the property owner, and that the license was limited to short-term rental use only to the exclusion of sales listings. Yet in so alleging his claims in the Complaint, Plaintiff is asserting claims on exclusive properties of a license agreement that is perpetual in nature, or at least greater than one year. Plaintiff's alleged, limited oral license agreement is barred by the statute of frauds and unenforceable as against anyone.

**Thirteenth Affirmative Defense (Fair Use).** Plaintiff's Complaint is barred because any allegedly infringing use committed by Mr. Dutton is protected by the fair use doctrine under 17 U.S.C. § 107. Mr. Dutton did not acquire photos from the Internet—he was a fellow agent of the

property owner and his use of any of the Photographs was in service to the principal, the licensee, and consistent with the period of time during which the property was listed.

**Fourteenth Affirmative Defense (Consent/Ratification)**. Mr. Dutton's alleged acts, and each purported claim in the Complaint, were undertaken with consent, ratification, full knowledge, and concurrence of Plaintiff knowing said actions would result in no obligations owed to Plaintiff.

**Fifteenth Affirmative Defense (Justification/Privilege)**. Mr. Dutton's alleged acts, and each purported claim in the Complaint, were done with consent, ratification, full knowledge, and concurrence of Plaintiff knowing said actions would result in no obligations owed to Plaintiff.

**Sixteenth Affirmative Defense (Failure to Mitigate)**. As supported by the Second Affirmative Defense, Plaintiff failed to mitigate his damages, if any, and is barred from any recovery as a result.

**Seventeenth Affirmative Defense (Waiver)**. As supported by the Second Affirmative Defense, by his own conduct, actions, and/or failures to act, Plaintiff has waived any right to any recovery.

*Wherefore*, Defendant, Whitney Dutton, respectfully requests this Court enter judgment in his favor and against Plaintiff, Adam Tanner, as follows:

1. that Plaintiff take nothing by his Complaint;
2. that Mr. Dutton recover his attorneys' fees and costs as permitted by applicable law; and
3. that this Court award Mr. Dutton such other relief as deemed just.

Dated: May 26, 2026

Respectfully submitted,

**Ashley Sawyer Smith, P.A.**
1314 E. Las Olas Blvd., Suite 1720
Ft. Lauderdale, Florida 33301
(352) 219-8379

By: /s/ Ashley Sawyer Smith, Esq.
Ashley Sawyer Smith, Esq.
Florida Bar No. 0012131
Email: ashley@sawyersmithlaw.com

*Counsel for Whitney Dutton*

## CERTIFICATE OF SERVICE

I certify a true and correct copy of the foregoing was served on May 26, 2026, via CM-ECF on all counsel of record.

/s/ Ashley Sawyer Smith, Esq